Charles Edward WASHINGTON,
Appellant,

v.

The STATE of Texas, State.

No. 2–95–436–CR.

Court of Appeals of Texas,
Fort Worth.

March 13, 1997.

Rehearing Overruled May 15, 1997.

Williams S. Harris, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Betty Marshall, Charles M. Mallin, Edward L. Wilkinson, James Cook, Karen Lynn, Assistant Criminal District Attorneys, Fort Worth, for State.

Before DAY, DAUPHINOT and RICHARDS, JJ.

## OPINION ON REHEARING

DAY, Justice.

The State's motion for rehearing is granted. We withdraw our November 21, 1996 opinion and judgment and substitute the following.

## INTRODUCTION

This case presents the following issue: If a criminal defendant requests notice of the State's intent to introduce extraneous offense evidence during the punishment phase of the trial, does the State have to give notice if the extraneous offense evidence is offered in rebuttal to the defendant's punishment evidence? *See* TEX. CODE CRIM.PROC.ANN. art. 37.07, § 3(g) (Vernon Supp.1997). We find that, based on the statute's legislative history, its purpose, and its reasonable interpretation, the State was not required to give notice to the defendant of possible rebuttal evidence at punishment of the defendant's extraneous bad acts.

Appellant Charles Edward Washington pleaded guilty to attempted murder. A jury sentenced him to fifteen years' incarceration in the Institutional Division of the Texas Department of Criminal Justice, and Washington appeals this sentence. Washington requested notice of the State's intent to use evidence at punishment of extraneous of-

fenses. The State did not notify Washington that it was going to offer extraneous offense evidence at punishment, but the court admitted the evidence. Because the State offered the extraneous offense evidence in rebuttal and not in its case in chief, we affirm the judgment.

Washington raises six points of error. He complains of the admission, without the State providing notice as requested, of three of his coworkers' testimony alleging Washington committed various unadjudicated extraneous bad acts. In points of error one, two, and three, he argues that this was an abuse of the trial court's discretion. In points of error four, five, and six, he argues the trial court's erroneous application of the statute violated his procedural due process right of reasonable notice as statutorily required and his right to fundamental fairness under the due process clauses of the United States Constitution and the Texas Constitution. U.S. CONST. amend. XIV; TEX. CONST. art. I, § 19.

## FACTUAL BACKGROUND

Washington was estranged from his wife Ethel. Ethel was staying with her father and brother at her father's house. Early one morning, Washington went to his father-in-law's house with a shotgun to see Ethel. After telling her he had "lost his goddamn job and [Ethel] too and that he was going to kill [Ethel] and [her] family and turn the shotgun on [himself]," he shot Ethel in the shoulder and arm. Ethel fled to the bathroom and locked the door. Her brother and father fled the house and called for help. Washington stayed by the bathroom door and continued to threaten to kill Ethel, her brother, and her father. When the police arrived, Washington opened the front door to let them in and said, "I shot my wife." Washington gave a written statement to the police and pleaded guilty to attempted murder. He requested notice of the State's intent to offer at punishment any evidence of extraneous crimes or bad acts under article 37.07. *See* TEX.CODE CRIM.PROC.ANN. art. 37.07 § 3(g) (Vernon Supp.1997).[1] The

1. Washington's request was addressed to the    State and stated that "[p]ursuant to Article 37.07,

State never notified Washington that it intended to offer evidence of extraneous bad acts at punishment.

At the trial on punishment, Washington introduced the testimony of Dr. Richard Schmidt. Dr. Schmidt testified that Washington had dysthymia, which is a type of depression. He further stated Washington needed to be treated with medication and psychotherapy that would best be administered if Washington were placed on probation. Dr. Schmidt testified that Washington would not be a danger to others if released on probation. The State did not know that Dr. Schmidt would testify and had not seen his report until after Washington's direct examination of Dr. Schmidt. In the report, Dr. Schmidt indicated that he was aware that Ethel had accused Washington of using drugs, but that Washington denied he had used drugs. The State questioned Dr. Schmidt's conclusion that Washington's behaviors, e.g. sleep disturbance, paranoia, and money problems, were caused by depression instead of drug use, as Ethel told him. Based on the fact that Dr. Schmidt's conclusions assumed that Washington was not using drugs and would not be a danger to others, the State called three of Washington's former co-workers to rebut Dr. Schmidt's depression theory:

- Willis Allen testified that he would give Washington rocks of cocaine to smoke at work.

- David Rydell testified that he had seen Washington smoke marijuana at work and knew Washington had been smoking marijuana for fourteen years.

- Lee Bell testified that when he questioned Washington about his timekeeping procedures at work, Washington hit Bell in the face and mouth.

All of these incidents occurred approximately between 1992 and 1995, which was after Washington's father died. Dr. Schmidt had testified that this event and other family stresses caused Washington's depression.

**THE LAW AT ISSUE**

Article 37.07 of the Texas Code of Criminal Procedure sets forth the requirements for jury verdicts and rules for conducting the punishment phases of trials. Section 3(g) provides:

On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence. If the attorney representing the state intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act. The requirement under this subsection that the attorney representing the state give notice applies only if the defendant makes a timely request to the attorney representing the state for the notice.

TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(g) (Vernon Supp.1997). Rule 404(b) is the criminal evidence rule governing the admission of similar evidence at the guilt-innocence phase of trial:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided, upon timely request by the accused, reasonable notice is given in advance of trial of intent to introduce in the State's case in chief such evidence other than that arising in the same transaction.

TEX.R.CRIM.EVID. 404(b).

Before the enactment of section 3(g) of article 37.07, the State was prohibited from offering evidence of unadjudicated extraneous bad acts at punishment proceedings. *E.g., Grunsfeld v. State,* 843 S.W.2d 521, 523

---

§ 3(g) of the Texas Code of Criminal Procedure, defendant requests that the state give reasonable notice of intent to introduce against the defen-

dant evidence of an extraneous crime or bad act at the punishment phase of the trial."

(Tex.Crim.App.1992). Section 3(g) was added to the article in 1993 to permit the State to offer such evidence at the punishment hearing. *See Marmon v. Mustang Aviation, Inc.,* 430 S.W.2d 182, 186 (Tex.1968) (op. on reh'g) (holding when legislature substantially changes a statute after a court has interpreted it, a presumption exists that the legislature disapproved of the court's construction and intended to change the construction); *see also* Rhonda M. Harmon, Comment, *Bringing Light to the NonCapital Felony Punishment Phase: Article 37.07, Section 3a and Evidence of Unadjudicated Extraneous Offenses,* 44 BAYLOR L.REV. 101, 114 n.90 (1992). However, if the defendant properly requests notice, and the State intends to offer such evidence at punishment, the State must provide reasonable pretrial notice. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(g) (Vernon Supp.1997).

## PRESERVATION OF ERROR

■ The State argues that any error was waived because Washington failed to seek a continuance. *Lindley v. State,* 635 S.W.2d 541, 544 (Tex.Crim.App. [Panel Op.] 1982); *Mock v. State,* 848 S.W.2d 215, 222 (Tex. App.—El Paso 1992, pet. ref'd). These two cases present situations where the State offered evidence that it had failed to provide in compliance with an order granting a motion for discovery. In *Lindley,* the trial court admitted statements of the accused that the State failed to provide. 635 S.W.2d at 543. In *Mock,* the trial court permitted an undisclosed witness to testify. 848 S.W.2d at 222. In both, any error was held waived on review because the defendants did not seek a continuance. *Lindley,* 635 S.W.2d at 544; *Mock,* 848 S.W.2d at 222. In fact, this line of cases deals almost exclusively with errors based on violations of a trial court's discovery orders. *See also Rodriguez v. State,* 597 S.W.2d 917, 919 (Tex.Crim.App.1980), *vacated on other grounds,* 453 U.S. 906, 101 S.Ct. 3137, 69 L.Ed.2d 991 (1981). But we find that article 37.07, section 3(g) is more analogous to rule 404(b) than an order granting a motion for discovery. *Cf. President v. State,* 926 S.W.2d 805, 808 (Tex.App.—Austin 1996, pet. ref'd) (holding a motion for discovery is not a re-

quest for notice under rule 404(b) and article 37.07).

Both article 37.07, section 3(g) and rule 404(b) require only a request from the defendant addressed to the State. They do not require a court ruling on that request. *See Espinosa v. State,* 853 S.W.2d 36, 38–39 (Tex. Crim.App.1993) (interpreting rule 404(b)); *President,* 926 S.W.2d at 808 n. 1 (interpreting article 37.07, section 3(g)); 41 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE & PROCEDURE § 22.102 (1995) (interpreting rule 404(b)). Additionally, section 3(g) of article 37.07 directly references rule 404(b). Furthermore, both are mandatory in language. Under rule 404(b), extraneous offense evidence may be admissible at guilt-innocence "provided, upon timely request by the accused, reasonable notice is given...." TEX. R. CRIM. EVID. 404(b). Under section 3(g) of article 37.07, "[o]n timely request of the defendant, notice of intent to introduce evidence under this article shall be given...." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(g) (Vernon Supp.1997). Moreover, the Eastland Court of Appeals recently relied on the Court of Criminal Appeals's construction of rule 404(b) to interpret article 37.07, section 3(g). *Dodgen v. State,* 924 S.W.2d 216, 219 (Tex.App.—Eastland 1996, pet. ref'd). A timely and specific objection is all that is required to preserve error under rule 404(b). *Buchanan v. State,* 911 S.W.2d 11, 14–15 (Tex.Crim.App.1995). Consequently, that was all the Eastland court required in *Dodgen.* 924 S.W.2d at 219.

Accordingly, we hold a motion for continuance is not required to preserve error under article 37.07, section 3(g). Washington objected under rules 403, 404, article 37.07, and the due process clause. We find any error under article 37.07, section 3(g) is properly preserved for review.

## NOTICE REQUIREMENT

■ The State contends that it was not required to provide notice to Washington of its evidence of unadjudicated extraneous bad acts because the State presented this testimony in rebuttal to Washington's arguments at punishment. The State bases this argument on the fact that rebuttal evidence is not

included within the scope of article 37.07, section 3(g); thus, rebuttal evidence is not evidence introduced "under" article 37.07.[2]

Our question then becomes, as we stated earlier, whether the notice requirement of article 37.07, section 3(g) applies to rebuttal evidence. This is an issue of first impression; thus, we must closely interpret the statute.

■ In construing a criminal statute, we look to the purpose of the legislature, focusing on the text of the statute itself and interpreting it in a literal manner, attempting to discern the fair, objective meaning of the text. *State v. Mancuso,* 919 S.W.2d 86, 87 (Tex.Crim.App.1996); *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). We are to read the words and phrases in context according to the rules of grammar and common usage. Tex. Gov't Code Ann. § 311.011 (Vernon 1988). We may consider the:

- object sought to be obtained by the statute;
- circumstances under which the statute was enacted;
- legislative history;
- common law or former statutory provisions, including laws on the same or similar subjects; and
- consequences of a particular construction.

*Id.* § 311.023. Specifically, we are instructed to liberally construe the Code of Criminal Procedure "to attain the objects intended by the Legislature: The prevention, suppression and punishment of crime." TEX. CODE CRIM. PROC. ANN. art. 1.26 (Vernon 1977). We also note that because rule 404(b) and article 37.07, section 3(g) are so closely related, case law interpreting rule 404(b)'s notice

requirements is persuasive in resolving article 37.07, section 3(g) issues. *See President,* 926 S.W.2d at 808.

The legislative history of this statute makes it very clear that the Legislature did not intend to expand the State's duty to give notice. In fact, the sponsoring representative stated that "I'm not changing any of the laws of discovery. Whatever the discovery is now, that's what it will continue to be." Debate on Tex.C.S.S.B. 1067 on the Floor of the House, 73rd Leg., R.S. (May 6, 1993) (entire text of debate is attached as an appendix to this opinion).

Before section 3(g) was added to article 37.07, the law provided that the State and the defendant could offer evidence as to any matter deemed relevant to sentencing "as permitted by the Rules of Evidence...."[3] The evidence rule applicable to extraneous offense evidence is and was rule 404(b), which specifically limits the requirement of notice to evidence that will be offered in the State's case in chief. *See* TEX.R.CRIM.EVID. 404(b). Given that the legislative history shows that the Legislature did not intend to expand the State's duty to provide notice, we conclude that article 37.07, section 3(g), like rule 404(b), is limited to evidence the State intends to offer in its case in chief. Further, the bill's sponsor stated that the notice provision in section 3(g) was being enacted to "strengthen[ ]" the "law we have now on the books." The only notice provision regarding introduction of extraneous offense evidence at the time section 3(g) was enacted was rule 404(b)'s notice requirement. Thus, it appears that the Legislature was trying to expressly state that rule 404(b)'s notice provision was also applicable to evidence intro-

**2.** The State's argument is best summarized in the words of the prosecutors:

Judge, we'd also like to point out at this time that Rule 404(b) makes reference to the State's use of this kind of evidence in the State's case-in-chief. We are not at the State's case-in-chief. And also 37.07 refers back to 404(b).

. . . .

The defense has presented evidence regarding the causation and the reasons for the Defendant's conduct that [has] raised a theory of depression that the State is entitled to rebut with evidence of an alternative theory and ba-

sis for the Defendant's behavior at the time that this crime was committed.

We have every right to present this evidence. It is in rebuttal to evidence presented by the Defendant. It is not in violation of any of the Rules of Evidence, it is not in violation of any of the Court's rulings, and we're ready to go forward with it.

**3.** Act of May 28, 1989, 71st Leg., R.S., ch. 785, § 4.04, 1989 Tex. Gen. Laws 3492, *amended by* Act of May 29, 1993, May 73rd Leg., R.S., ch. 900, §§ 5.05–.06, 1993 Tex. Gen. Laws 3759.

duced at punishment. It is apparent, however, that the Legislature's main purpose in enacting section 3(g) was to clarify that extraneous offense and prior bad act evidence are indeed admissible at punishment. Nothing else was to be changed or expanded. In other words, they were trying to maintain the status quo and clarify what they meant before *Grunsfeld* was decided.

This construction, i.e. that section 3(g)'s notice provision only applies to the State's case in chief, does not produce an absurd result. The State must notify the defendant of all evidence it intends to introduce against the defendant in its case in chief, and the defendant is told of evidence that will be directly introduced against him. To hold otherwise would require the State to predict all possible arguments that a defendant might raise and then notify the defendant of the evidence that would rebut those possible arguments. This would directly contravene cases that hold the State does not have to disclose the identity of rebuttal witnesses. *E.g., Elkins v. State,* 543 S.W.2d 648, 649 (Tex.Crim.App.1976); *Hoagland v. State,* 494 S.W.2d 186, 189 (Tex.Crim.App.1973).

This interpretation also gives due deference to the phrases "notice of *intent* to introduce evidence under this article ... " and "[i]f ... the state *intends* to introduce an extraneous crime or bad act...." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(g) (Vernon Supp.1997) (emphasis added). The State cannot intend to introduce true rebuttal evidence before trial. Evidence that is offered in rebuttal cannot be foreseen because the State does not know what theories the defendant will advance at punishment. *See Hoagland,* 494 S.W.2d at 188–89; *Doyle v. State* 875 S.W.2d 21, 22 (Tex.App.—Tyler 1994, no pet.).

■ In this case, the State had "no clue" that Dr. Schmidt would testify or that his report relied on the fact that Washington was not a drug user. To try to discredit Dr. Schmidt's conclusions that Washington's depression was caused purely by stress, the State was compelled to put on testimony showing that Washington took drugs to alternatively explain Washington's behavior. However, we caution the State that attempts

to circumvent the notice requirement of article 37.07, section 3(g) by offering extraneous offense evidence in rebuttal when it does not properly rebut the defendant's punishment theories will be frowned upon. In all article 37.07, section 3(g) cases with notice issues, we will closely review the nature of the "rebuttal" evidence to determine whether the State introduced the evidence at that stage of the punishment trial merely to avoid the mandatory notice requirements. We see no evidence in this case that the State was "saving" this evidence to surprise Washington.

Accordingly, we overrule Washington's first three points of error.

■ In his fourth, fifth, and sixth points of error, Washington contends that the trial court, by improperly applying the notice requirements of article 37.07, section 3(g), violated: (1) his due process rights under the United States Constitution, (2) his due course of law rights under the Texas Constitution, and (3) his right to seek impeachment evidence to discredit the State's three witnesses. Because we have found that article 37.07, section 3(g)'s notice requirement does not extend to rebuttal evidence, the trial court properly applied the statute. We overrule Washington's fourth, fifth, and sixth points of error.

## CONCLUSION

Because we hold that article 37.07, section 3(g)'s notice requirement does not apply to evidence introduced to rebut defensive evidence, we affirm the judgment of the trial court.

## APPENDIX

Representative Place: Madam Speaker, Members, this is a recodification of 37.07 that was struck down, or at least not interpreted in the way that the committee felt it should have been interpreted and this will—ah—allow evidence of extraneous offenses under certain exact situations, if, in fact, the State can prove beyond a reasonable doubt that these extraneous offenses are committed and has a notice provision, and I move adoption.

. . . .

Representative Smith: Mr. Place, what you are doing here is changing some authority that the prosecuting attorney would have—would you explain a little greater what you are doing here?

Representative Place: O.K., Mr. Smith. There is a case that basically was ruled that—ah—what we said in an earlier session of the Legislature the Court of Criminal Appeals took the opinion that we didn't mean it. This bill was brought to me by the Texas and District County Attorney's Association that they felt like that we should make one more stab to say what we mean and hopefully they will interpret it that we in fact meant what we said kind of situation. What this is going to do is to clarify the admission of extraneous offenses in a criminal case, and if its going to be done—ah—there will be some notice provision to the defendant and his lawyer that it's going to be done, which I think is just simply a cleanup in that this is strengthening the law because the law we have now on the books is not being used. Or, at least if it is being used, it's being used with some skepticism or reluctance on the part of the State.

Representative Smith: So you're not prohibiting it, you're just requiring that the notice be given ten days prior to trial?

Representative Place: No, and I think it's cleaning up the fact that it is our intention that as a legislative body that if there is an extraneous offense—ah—and it can be properly proven, this bill says that it's going to be admitted.

Representative Smith: And you're not requiring them to state exactly what that evidence might be, but simply that they would be introducing extraneous evidence?

Representative Place: I'm not changing any of the laws of discovery. I'm simply giving that there be notice—a provision that that's going to be used. Whatever the discovery is now, that's what it will continue to be.

Representative Smith: O.K. Thank you.

Representative Place: Move for adoption.

[Amendment adopted.]

Debate on Tex.C.S.S.B. 1067 on the Floor of the House, 73rd Leg., R.S. (May 6, 1993).