President 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00193-CR







Larry Eugene President, Appellant



v.



The State of Texas, Appellee







FROM THE 27TH JUDICIAL DISTRICT COURT OF BELL COUNTY


NO. 43,889, HONORABLE JOE CARROLL, JUDGE PRESIDING








 A jury found Larry Eugene President, appellant, guilty of aggravated robbery, a
first degree felony, and sentenced him to life imprisonment and a fine of $10,000. See Tex. Penal
Code Ann. § 29.03 (West 1994). In three points of error, appellant argues that (1) the prosecutor
improperly attacked appellant "over the shoulder" of defense counsel, (2) the trial court erred in
overruling appellant's hearsay objection, and (3) the trial court erred in allowing evidence of an
extraneous act during the punishment phase without notice to appellant. We will affirm the
conviction.



FACTUAL AND PROCEDURAL BACKGROUND
 

 Around 9:00 a.m. on December 27, 1993, three young men dressed in baggy
clothes and knit caps entered the premises of Flood Real Estate Company in Killeen and accosted
Joe Lewis and June Fielding. John Bass, another Flood Real Estate employee, came to work a
few minutes later and noticed a young man opening the trunk of Lewis's car. Upon entering the
building, Bass was grabbed by the robbers and relieved of his personal possessions. The attackers
took jewelry, briefcases, wallets, and money from the three realty office workers.

 The three young men searched the offices for cash. They kicked, stomped,
threatened, and intimidated the three employees in attempting to locate a supply of money. When
the office workers finally convinced the robbers that no such funds were, in fact, on site, they
left.

 A fingerprint was found on the trunk of Lewis's car that matched one of appellant's
fingers. Authorities in South Carolina arrested appellant and his associates after they fled the
state.

 About five months before trial, appellant submitted a motion requesting the court
to order the State to provide notice of its intent to offer evidence of extraneous conduct. 
Appellant never obtained a ruling on this motion, however, and he never sent a direct request for
notice of extraneous offenses to the attorney for the State. During the punishment phase of the
trial, the State offered the testimony of Jennifer Lee Grey regarding an unindicted crime that
appellant committed on November 10, 1993. Grey and another employee of the XYZ Video store
in Killeen were robbed at gunpoint by appellant. Appellant objected to this testimony, arguing
lack of notice from the prosecutor that he planned to offer extraneous offenses into evidence. The
court overruled the objection and allowed Grey to testify.



DISCUSSION


 In point of error one, appellant argues that during final arguments the prosecutor
improperly attacked appellant over the shoulder of defense counsel. Appellant's complaint centers
on this exchange that took place during defendant's closing argument:



Mr. White (defense counsel): It is also interesting to note that a barbershop visit
was mentioned, the same barber that Mr. Lewis testified to getting his hair cut --
he couldn't remember specifically the name, but he remembered the location is the
very exact barbershop that Mr. President --


Mr. Carroll (prosecutor): Judge, there is no evidence whatsoever to support that
argument. That is absolute fabrication on the part of the lawyer.


Mr. White: Your Honor, it is not. It is identifiable location.


Mr. Carroll: There is no evidence of that.


THE COURT: Counsel -- Counsel, let me sustain the objection.



The prosecutor asked for an instruction, and the judge instructed the jury that the witnesses give
evidence and the attorneys do not.

 At trial, appellant did not make the objection he argues on appeal; therefore,
nothing is preserved for review. See Tex. R. App. P. 52(a); Broxton v. State, 909 S.W.2d 912,
918 (Tex. Crim. App. 1995). Point of error one is overruled.

 Appellant's second point of error asserts that the trial court erred in overruling
appellant's hearsay objection to the testimony of Bass. On direct examination, the prosecutor
asked Bass, one of the victims, to describe the reaction of Fielding, another victim, to the
robbery. The record contains this dialogue:


 

Bass (witness): She was just a nervous wreck. Because she said --

 

Mr. White: Your honor, I would object at this point. Calls for hearsay.


THE COURT: I overrule.


Mr. Carroll: Go ahead. She said what?


Bass: She had -- she said she had been hit in the head with the gun or a gun.



 On appeal, the State contends that the statement was properly admitted because it
fell within the excited utterance exception to the hearsay rule. See Tex. R. Crim. Evid. 803(2). 
Rule 803(2) provides that a "statement relating to a startling event or condition made while the
declarant was under the stress of excitement caused by the event or condition" is not excluded by
the hearsay rule. Id.

 Bass's testimony establishes that Fielding made this statement shortly after being
threatened, beaten, and robbed. It follows that Fielding was under the stress of the excitement
caused by the event when she uttered the words to which Bass testified. See Penry v. State, 903
S.W.2d 715, 750-51 (Tex. Crim. App.), cert. denied, 132 L. Ed. 2d 887 (1995). We conclude
that the trial court did not abuse its discretion in admitting this challenged statement. Point of
error two is overruled.

 Appellant complains in his third and fourth points of error that the trial court erred
in allowing the State to present evidence of an extraneous offense during the trial's punishment
phase without reasonable notice. Article 37.07(3)(g) of the Code of Criminal Procedure states:



 On timely request of the defendant, notice of intent to introduce evidence
under this article shall be given in the same manner required by rule 404(b), Texas
Rules of Criminal Evidence. If the attorney representing the state intends to
introduce an extraneous crime or bad act that has not resulted in a final conviction
in a court of record or a probated or a suspended sentence, notice of that intent is
reasonable only if the notice includes the date on which and the county in which
the alleged crime or bad act occurred and the name of the alleged victim of the
crime or bad act. The requirement under this subsection that the attorney
representing the state give notice applies only if the defendant makes a timely
request to the attorney representing the state for the notice. 



Tex. Code Crim. Proc. Ann. art. 37.07(3)(g) (West Supp. 1996). Appellant argues that pursuant
to article 37.07(3)(g) he made a timely request to the State, but that the prosecutor did not give
him the required notice. We disagree.

 The pleading appellant relies on as his "timely request" was styled "Rule 404(b)
Request for Notice of Intent to Offer Extraneous Conduct." Although styled a "request," the body
of the pleading clearly reveals it to be a motion. First, the pleading is addressed "TO THE
HONORABLE JUDGE OF SAID COURT." Next, the body of the instrument contains the
following statement: "Defendant herein specifically requests the Court . . . to order the State to
give notice of its intention to introduce such evidence . . . ." Finally, the pleading contains the
following prayer for relief: "WHEREFORE, PREMISES CONSIDERED, Defendant requests
this Honorable Court grant this Motion directing the Prosecuting Attorney to provide Defendant
and his Counsel the information requested herein, and further grant Defendant any and all such
relief to which he may be entitled."

 The language of article 37.07(3)(g) addresses the extraneous offense notice issue
by language that is similar to that in Rule 404(b):



Evidence of other crimes, wrongs, or acts . . . may, however, be admissible for
other purposes [besides proving character] . . . provided, upon timely request by
the accused, reasonable notice is given in advance of trial of intent to introduce in
the State's case in chief such evidence other than that arising in the same
transaction.



Tex. R. Crim. Evid. 404(b) (emphasis added). Case law regarding Rule 404(b) notice
requirements is therefore persuasive for resolution of article 37.07(3)(g) issues. (1) In Espinoza v.
State, 853 S.W.2d 36 (Tex. Crim. App. 1993), the trial court admitted extraneous offense
testimony during the guilt/innocence segment of the trial over the objection of the defendant. The
court of criminal appeals held that "when a defendant relies on a motion for discovery to request
notice pursuant to Rule 404(b), it is incumbent upon him to secure a ruling on his motion in order
to trigger the notice requirements of that rule." Id. at 39. Thus, a motion for discovery and
inspection does not constitute a request for notice regarding extraneous evidence testimony. See
also Harmon v. State, 889 S.W. 521, 524 (Tex. App.Houston [14th Dist.] 1994, pet. ref'd).

 Espinoza and Harmon differ from the present case in only two respects: (1) the
styles of the motions filed by the defendants, and (2) the rule invoked. As to the first point, we
believe the legal underpinnings of these pretrial motions are the same: a "motion" is directed to
the court and asks the court to take some action, whereas a self-operative "request" is directed to
a party and instructs the party to take some action without the necessity of intervention by the
court. Therefore, we conclude that the fact that the motion in the instant case was styled
differently from the motions for discovery in Espinoza and Harmon is not significant in the
context of the present inquiry. In regard to the second point, the notification language in both
Rule 404(b) and article 37.07(3)(g) is sufficiently similar that Espinoza and Harmon are not
distinguishable from the present case on that basis. Indeed, as pointed out above, article
37.07(3)(g) contains a stringent requirement that the defendant's request be directed to the state's
attorney, a requirement that is not expressly stated in Rule 404(b). Therefore, we conclude that
under the circumstances of the present case, appellant was obligated to ask for and obtain a ruling
from the court in order for his motion to constitute a "timely request" under article 37.07(3)(g).

 Appellant relies on Brown v. State, 880 S.W.2d 249 (Tex. App.El Paso 1994, no
pet.), in which the court stated that the use of prior conviction testimony for impeachment
purposes would be prohibited where it had been requested by the defendant and not given by the
state. Id. at 251. The defendant in Brown, however, had expressly and directly requested the
state to notify defendant of its intent to use prior convictions for impeachment reasons under
Texas Rule of Criminal Evidence 609(f). Id. This rule specifies a notice procedure similar to that
in article 37.07(3)(g). Appellant also cites us to Dorado v. State, 843 S.W.2d 37 (Tex. Crim.
App. 1992), in which the court of criminal appeals held that the state's failure to provide the
defendant with a written summary of a child's outcry statement in an assault case called for the
exclusion of that testimony. Id. at 38. Dorado is also distinguishable from the instant case,
however, because the defendant did ask the state for notice of its intent to put on extraneous
offense testimony. In addition, Dorado is inapposite because it concerns rules governing hearsay
testimony of a child sexual abuse victim that provide for a written summary of that testimony to
be given to the defendant in advance of trial. A defendant has no obligation to request this
summary; the burden is placed solely on the State. See Tex. Code Crim. Proc. Ann. art.
38.072(2)(b)(1) (West Supp. 1996).

 We hold that the trial court did not abuse its discretion in permitting the extraneous
conduct evidence. We overrule points of error three and four.



 CONCLUSION


 Having overruled all of appellant's points of error, we affirm the conviction.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: June 26, 1996

Publish

1. We note, however, that article 37.07(3)(g), the provision at issue here, expressly
places the burden on the defendant to direct his request to the state's attorney: "The
requirement under this subsection that the attorney representing the state give notice
applies only if the defendant makes a timely request to the attorney representing the state
for the notice." Tex. Code Crim. Proc. Ann. art 37.07(3)(g) (emphasis added). Rule 404(b)
contains no such provision.


requirements of that rule." Id. at 39. Thus, a motion for discovery and
inspection does not constitute a request for notice regarding extraneous evidence testimony. See
also Harmon v. State, 889 S.W. 521, 524 (Tex. App.Houston [14th Dist.] 1994, pet. ref'd).

 Espinoza and Harmon differ from the present case in only two respects: (1) the
styles of the motions filed by the defendants, and (2) the rule invoked. As to the first point, we
believe the legal underpinnings of these pretrial motions are the same: a "motion" is directed to
the court and asks the court to take some action, whereas a self-operative "request" is directed to
a party and instructs the party to take some action without the necessity of intervention by the
court. Therefore, we conclude that the fact that the motion in the instant case was styled
differently from the motions for discovery in Espinoza and Harmon is not significant in the
context of the present inquiry. In regard to the second point, the notification language in both
Rule 404(b) and article 37.07(3)(g) is sufficiently similar that Espinoza and Harmon are not
distinguishable from the present case on that basis. Indeed, as pointed out above, article
37.07(3)(g) contains a stringent requirement that the defendant's request be directed to the state's
attorney, a requirement that is not expressly stated in Rule 404(b). Therefore, we conclude that
under the circumstances of the present case, appellant was obligated to ask for and obtain a ruling
from the court in order for his motion to constitute a "timely request" under article 37.07(3)(g).

 Appellant relies on Brown v. State, 880 S.W.2d 249 (Tex. App.El Paso 1994, no
pet.), in which the court stated that the use of prior conviction testimony for impeachment
purposes would be prohibited where it had been requested by the defendant and not given by the
state. Id. at 251. The defendant in Brown, however, had express