Alfredo Valdez **VALLE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–96–00571–CR.

Court of Appeals of Texas, Houston (1st Dist.).

July 17, 1997.

Allen C. Isbell, Houston, for Appellant.

John B. Holmes, Calvin Hartman, Houston, for Appellee.

Before HEDGES, MARGARET GARNER MIRABAL and ANDELL, JJ.

---

## OPINION

HEDGES, Justice.

Appellant, Alfredo Valdez Valle, appeals his murder conviction for which he was sentenced to 50 years in prison. In one point of error, he complains that the trial court erred in admitting evidence of two prior misdemeanor convictions during the punishment phase because the State failed to give him the requested notice of its intent to introduce evidence of the convictions. We affirm.

## FACTS

While at a bar one evening, appellant got into an argument with the owner, Jorge Sierra. Later that same evening, he shot and killed Sierra in the parking lot of the bar.

Before his trial, appellant filed a request with the trial court to require the State to give "notice of its intention to introduce evidence of other crimes, wrongs or acts (adjudicated or unadjudicated) in the punishment phase" under TEX.CODE CRIM. P. ANN. art. 37.07, § 3(g) (Vernon Supp.1997). The State never gave notice of its intent to introduce any evidence admissible under article 37.07. During the punishment phase of trial, appellant stipulated to the fact that he had been previously convicted of two misdemeanors for carrying weapons. Appellant objected, however, to the admissibility of these convictions because the State had not given the required notice under article 37.07, § 3(g). The trial court overruled the objection.

## LACK OF NOTICE

In his sole point of error, appellant complains about the admission of his two prior misdemeanor convictions during the punishment phase. He does not challenge the validity or existence of the convictions; rather, he contends that the trial court erred in admitting the evidence because the State did not give him the requisite notice under TEX. CODE CRIM. P. ANN. art. 37.07 § 3(g) of its intent to introduce them.

During the punishment phase of a criminal trial, evidence may be offered by both the State and the defendant as to "any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant,... and ... any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt to have been committed by the defendant...." TEX.CODE CRIM. P. ANN. art. 37.07, § 3(a) (Vernon Supp. 1997). On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence.[1] TEX.CODE CRIM. P. ANN. art. 37.07, § 3(g). The defendant must make "a timely request to the attorney representing the state for the notice." *Id.*

Appellant filed a pretrial document with the trial court entitled "Defendant's Request for Notice of State's Intention to Introduce Evidence of Other Crimes, Wrongs or Acts (Adjudicated or Unadjudicated) in Punishment Pursuant to Article 37.07 C.C.P." In the document, he requested that "the Court ... require the prosecutor to give notice in advance of trial of the State's intent to introduce evidence of other crimes, wrongs or acts (adjudicated or unadjudicated) in [the] punishment [phase] pursuant to Article 37.07 C.C.P." The prayer requests that the trial court "require the state to announce its intent to introduce evidence of any extraneous offenses, crimes, wrongs or acts." Clearly this request for notice was in the form of a motion. There is no indication in the record that appellant ever sought or obtained a ruling from the trial court on this motion, even though the trial court ruled on his other motions in its discovery order. We must decide whether appellant made a proper timely request for notice under TEX.CODE CRIM. P. ANN. art. 37.07, § 3(g).

In *Espinosa v. State*, 853 S.W.2d 36, 38–39 (Tex.Crim.App.1993), the Court of Criminal Appeals discussed the timeliness of a request for notice under TEX.R.CRIM. EVID. 404(b)

---

1. Rule 404(b) of the Texas Rules of Criminal Evidence provides that "[e]vidence of other crimes, wrongs, or acts ... may ... be admissible for other purposes [other than to prove character and conformity therewith] ... provided, upon timely request by the accused, reasonable notice is given in advance of trial of intent to introduce in the State's case in chief [evidence of other crimes, wrongs, or acts] other than that arising in the same transaction."

when the request is in the form of a motion. The court stated that the motion requires a ruling by the trial court to become productive because a motion, by its nature, (1) addresses the trial court and not the State, and (2) requests that the trial court order the State to perform the solicited act. *Id.* Therefore, when a defendant requests notice under Rule 404(b) in the form of a motion, the defendant must secure a ruling on the motion in order to trigger the notice requirements of that rule. *Id.* at 39.

A recent Austin Court of Appeals case applied the *Espinosa* holding to the notice requirements of TEX.CODE CRIM. P. ANN. art. 37.07, § 3(g). *President v. State,* 926 S.W.2d 805, 807–08 (Tex.App.—Austin 1996, pet. ref'd). In that case, the defendant filed a pleading that (1) addressed the judge of the trial court, (2) requested that the trial court order the State to give the required notice, and (3) requested that the trial court grant the motion. *Id.* at 807. The court concluded that although the pleading was styled as a request for notice, its contents indicated that it was a motion. *Id.* Accordingly, the court held that the defendant was obligated to ask for and obtain a ruling from the trial court in order for his motion to constitute a "timely request" under article 37.07, § (3)(g). *Id.* at 808.

As in *President,* appellant's "request" is substantively a motion to the court to order the State to give the requisite notice. Because appellant did not obtain a trial court ruling on this motion, it did not constitute a timely request under article 37.07, § 3(g). The State was therefore not obligated to give him notice of its intent to introduce the two prior misdemeanor convictions. Having so held, we do not reach the State's contention that article 37.07, § 3(g) notice is required only for unadjudicated offenses, not adjudicated offenses.

We overrule appellant's sole point of error.

We affirm the judgment of the trial court.