Dwain PADRON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–97–01063–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 25, 1999.

Kirk J. Oncken, Houston, for Appellant.

John B. Holmes, S. Elaine Roch, Houston, for Appellee.

Panel consists of Justices O'CONNOR, HEDGES, and ANDELL.

## OPINION

ADELE HEDGES, Justice.

A jury found appellant guilty of aggravated robbery and assessed punishment at 25 years in prison. We affirm.

## BACKGROUND

In late December 1996, James Berner, the complainant, and his wife Suzi were closing down their fireworks stand when they were approached by appellant. Appellant forced James to tape Suzi's hands behind her back. Appellant then struck James in his knee with a hammer. Appellant demanded money from the couple and took the money from the money box. At this time, appellant began to hit Suzi with the hammer. James moved toward appellant and was again hit with the hammer and poked in the eye with the barrel of the pistol. James suffered severe injuries from the attack. James positively identified

appellant as the attacker in a photo-spread line-up and at trial.

## NOTICE OF STATE'S INTENT TO INTRODUCE EXTRANEOUS ACTS

■ In point of error one, appellant contends that the trial court erred by allowing the State to introduce extraneous acts of misconduct during the punishment phase because the State failed to give notice of its intent to use the acts. We disagree.

Appellant filed a document captioned as "Defendant's Motion Requesting Notice of Extraneous Offenses Pursuant to Rule 404(b), Texas Rules of Criminal Evidence" and another captioned as "Defendant's Motion Requesting Notice of Extraneous Crimes or Bad Acts." In both documents, appellant asked the "[trial] court to require the attorney for the State to disclose all other crimes, wrongs, acts, and extraneous offenses which the State intends to offer in trial." The documents also stated that, "Defendant moves the [trial] court require disclosure of evidence of other crimes, wrongs, acts and extraneous offenses...." The trial court never ruled on either of appellant's motions.

During the punishment phase of trial, evidence of extraneous crimes or bad acts of the defendant that the court deems relevant to sentencing are admissible. TEX.CODE CRIM. PROC. ANN. art. 37.07 § 3(a) (Vernon Supp. 1999). On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Texas Rule of Evidence 404(b).[1] Id. § 3(g). The defendant must make the request to the State for the notice. Id.

We find that this Court's earlier holding in Valle v. State, 950 S.W.2d 413 (Tex.App.— Houston [1st Dist.] 1997, pet. ref'd), is dispositive of appellant's first point of error. In Valle, the defendant filed a pretrial document with the court entitled "Defendant's Request for Notice of State's Intention to Introduce Evidence of Other Crimes, Wrongs or Acts (Adjudicated or Unadjudicated) in Punishment Pursuant to Article 37.07 C.C.P." Id. at 414. In the body of the document, the defendant requested that "the Court ... require the prosecutor to give notice in advance of trial of the State's intent to introduce evidence of other crimes, wrongs or acts (adjudicated or unadjudicated) in [the] punishment [phase] pursuant to Article 37.07 C.C.P." Id. (alterations in original). The prayer of the document requested that the trial court "require the State to announce its intent to introduce evidence of any extraneous offenses, crimes, wrongs or acts." Id.

In Valle, this Court concluded that the defendant's document requesting notice of extraneous acts was in the form of a motion. Id. We held that the State was not obligated to give notice of its intent to introduce prior convictions because the defendant's request for such notice was substantively a motion, and in the absence of a ruling by the trial court on the motion, the motion did not constitute a timely request under article 37.07 section 3(g). Id. at 414–15.

The request in the present case, like the request in Valle, is substantively a motion. Because the record indicates that appellant did not obtain a trial court ruling on the motion, the State was not obligated to provide notice to appellant of its intent to use evidence of extraneous acts of misconduct during punishment.

We overrule point of error one.

## CORROBORATION OF APPELLANT'S EXTRAJUDICIAL ADMISSION

■ In point of error two, appellant contends the trial court erred in allowing the jury to consider an extraneous aggravated robbery during the punishment phase because the evidence merely consisted of his extrajudicial admission without independent corroborating evidence. We disagree.

---

1. Rule 404(b) provides that
   [e]vidence of other crimes, wrongs, or acts ... may, however, be admissible for [purposes other than to prove character and conformity therewith] provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.
   TEX.R. EVID. 404(b).

Jodi Nigard, appellant's former girlfriend, testified that she heard appellant tell some friends that he had stolen marihuana from several individuals at gunpoint. She testified that appellant said he arranged to meet the individuals in a park to buy marihuana from them. He stated that he forced the individuals to lie on the ground while holding them at gunpoint. While the individuals were on the ground, he stated that he hit one of them in the head with the gun. At the time appellant was talking about these events, Nigard saw him in possession of "a lot" of marihuana.

In the present case, evidence of the extraneous aggravated robbery was not offered to indicate appellant's guilt to the charged offense of aggravated robbery. The evidence was offered during the punishment phase. Evidence of extraneous crimes or bad acts is admissible during the punishment phase to the extent the trial court deems it relevant to sentencing. TEX.CODE CRIM. PROC. ANN. art. 37.07 § 3(a) (Vernon Supp. 1999). If the State offers such evidence, our law requires that the State prove the extraneous acts of misconduct beyond a reasonable doubt. *Id.* The jury, as the exclusive judge of the facts, is to determine whether or not the State proved the extraneous offense beyond a reasonable doubt. *Mitchell v. State,* 931 S.W.2d 950, 954 (Tex.Crim.App. 1996). However, article 37.07 says nothing about whether the State is required to corroborate a defendant's admission to an extraneous offense.

Appellant argues that the State is required to corroborate a defendant's extrajudicial admission before evidence of the extraneous act of misconduct may be considered by the jury in assessing punishment. He contends that because his extrajudicial admission alone was insufficient to prove that he committed aggravated robbery involving theft of marihuana, and because the State offered no other evidence to corroborate his admission to the extraneous offense, the State failed to prove the extraneous aggravated robbery beyond a reasonable doubt. Appellant contends that, therefore, this extraneous offense evidence should not have been considered by the jury in assessing punishment.

The State contends, and our independent research indicates, that there is no authority regarding the need for corroboration of extrajudicial admissions to extraneous offenses. We hold that the State is not required to corroborate a defendant's extrajudicial admission, but the State is required to prove the extraneous offense beyond a reasonable doubt.

Nigard testified that appellant stated he had stolen marihuana from several individuals at gunpoint. She stated that she was present with appellant after he had taken the marihuana from the individuals. She testified that, at that time, she saw appellant in possession of "a lot" of marihuana. Based on this evidence, it was reasonable for the jury to conclude that appellant committed this extraneous offense.

We overrule point of error two.

We affirm the judgment of the trial court.