In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00025-CR
______________________________


JIMMIE WADE PEERY, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 28088-A


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Jimmie Wade Peery appeals from the revocation of his community supervision. Peery pled
true to the State's allegations that he had violated terms of his community supervision, and the court 
sentenced him at that time to five years' imprisonment. Peery contends on appeal that, based on all
the circumstances and the allegations surrounding the revocation, the five-year sentence was a
constitutionally disproportionate punishment. 
Â Â Â Â Â Â Â Â Â Â Â Â Texas courts have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). However, in
Jackson v. State, 989 S.W.2d 842, 845 (Tex. App.âTexarkana 1999, no pet.), this Court recognized
that a prohibition against grossly disproportionate punishment survives under the Eighth Amendment
to the United States Constitution apart from any consideration of whether the punishment assessed
is within the range established by the Legislature. See also Fluellen v. State, 71 S.W.3d 870, 873
(Tex. App.âTexarkana 2002, pet. ref'd); Latham v. State, 20 S.W.3d 63, 68-69 (Tex.
App.âTexarkana 2000, pet. ref'd).
Â Â Â Â Â Â Â Â Â Â Â Â Our proportionality analysis under both the Eighth Amendment to the United States
Constitution and Article I, Section 13 of the Texas Constitution is guided by (1) the gravity of the
offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same
jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. 
See Solem v. Helm, 463 U.S. 277, 292 (1983); Simmons v. State, 944 S.W.2d 11, 15 (Tex.
App.âTyler 1996, pet. ref'd) (evaluating appellant's Texas constitutional claim of cruel and unusual
punishment under test outlined in Solem). Only if we find that the sentence is grossly
disproportionate to the offense will we then consider the remaining factors of the Solem test and
compare the sentence received to sentences for similar crimes in the same jurisdiction and to
sentences for the same crime in other jurisdictions. McGruder v. Puckett, 954 F.2d 313, 316 (5th
Cir. 1992); see also Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App.âTexarkana 1995, pet. ref'd).
Â Â Â Â Â Â Â Â Â Â Â Â We have reviewed the brief record from the revocation proceeding. Peery did not present
this Â issue Â to Â the Â trial Â court; Â therefore, Â Â he Â did Â not Â preserve Â it Â for Â our Â review. Â See Â Tex. Â R.
App. P. 33.1(a); Jackson, 989 S.W.2d at 844; Alberto v. State, 100 S.W.3d 528, 530 (Tex.
App.âTexarkana 2003, no pet.). Even if the contention had been preserved for review, there is no
evidence in the record comparing the sentences imposed on persons in Texas with sentences imposed
against defendants in other jurisdictions who committed a similar offense. See Fluellen, 71 S.W.3d
at 873; Latham, 20 S.W.3d at 69; Davis, 905 S.W.2d at 664-65.
Â 
Â 
Â 
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â October 28, 2003
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â October 29, 2003

Do Not Publish






family: Times New Roman"> Article 37.07 of the Texas Code of Criminal Procedure is not a sufficiency of the evidence
rule; instead, that provision governs what kind of evidence may be introduced at law. York v. State,
258 S.W.3d 712 (Tex. App.--Waco 2008, pet. filed). Nor does Article 37.07 appear to expressly
require corroboration of confessions during the punishment phase of trial. Compare Tex. Code
Crim. Proc. Ann. art. 37.07 with Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon 2005) (requiring
State to corroborate guilty plea by bringing forth sufficient evidence to substantiate guilt).

 We have not been directed by the parties to any appellate cases that have addressed whether
Article 37.07 of the Texas Code of Criminal Procedure requires corroboration of extrajudicial
confessions admitted during the punishment phase of a trial. Nevertheless, our independent research
has found two such Texas decisions. In Malpica v. State, 108 S.W.3d 374 (Tex. App.--Tyler 2003,
no pet.), the appellant challenged the sufficiency of the extraneous offense evidence admitted during
punishment. The court of appeals overruled his contention and expressly held that "[a]n extra-judicial confession of the extraneous offense need not be corroborated." Id. at 378. The First Court
had previously reached the same conclusion in Padron v. State, 988 S.W.2d 344, 346 (Tex.
App.--Houston [1st Dist.] 1999, no pet.). The Padron court noted "there is no authority regarding
the need for corroboration of extrajudicial admissions to extraneous offenses." Id.

 In a somewhat similar case, the Texas Court of Criminal Appeals has held that the rule
requiring corroboration of accomplice witness testimony about extraneous offenses does not apply
during the punishment phase of a capital murder trial. In Bible v. State, the court held "the corpus
delicti doctrine does not apply to extraneous offenses offered at the punishment phase of a capital
murder trial." Bible v. State, 162 S.W.3d 234, 247 (Tex. Crim. App. 2005). Bible thus stands for
the proposition that the State need not provide evidence to corroborate an accomplice's testimony
about an extraneous offense committed by the accused when such evidence is brought forth during
the punishment phase of a capital murder trial. Id. In deciding Bible, this state's highest criminal
court reasoned that, at the point when a capital jury is considering the accused's punishment, the jury
is "not faced with the specter of a totally innocent defendant being convicted for a crime that never
occurred solely on the basis of a confession resulting from official coercion or the defendant's own
delusions." Id.

 While Bible concerned extraneous offense evidence admitted during the punishment phase
of a capital murder trial, we see no reason to judicially impose a higher burden of corroboration in
noncapital cases (such as this case) than that burden which the Texas Court of Criminal Appeals
expressly refused to extend to capital cases. Instead, we agree with our sister courts' conclusions in
Malpica and Padron, and we hold that extrajudicial confessions of extraneous offenses need not be
corroborated at the punishment phase of a jury trial; instead, the only limitation is whether the jury
independently believes such confessions prove the alleged extraneous offenses beyond a reasonable
doubt.

 In this case, McClure's custodial confession to Foreman about dealing drugs would, if
believed by the jury, be sufficient to support the conclusion that (beyond a reasonable doubt)
McClure had engaged in such conduct. Cf. Torres v. State, 92 S.W.3d 911, 916-17 (Tex.
App.--Houston [14th Dist.] 2002, pet. ref'd) (jury free to rely on circumstantial evidence contained
in extrajudicial confession that Torres committed murder; evidence insufficient for conviction). The
prosecutor's initial proffer during the bench conference informed the trial court that the expected
testimony would show McClure admitted to selling methamphetamine in quarter-gram amounts
during twenty to twenty-five different transactions over a nine-month period. This summary of the
expected testimony provided the trial court with enough information to conclude the expected
evidence alone would (if believed by the jury beyond a reasonable doubt) support the conclusion that
McClure had committed these other crimes. (3) Article 37.07 did not require the State to provide, nor
did Article 37.07 require the trial court to first hear, additional corroborating evidence before the
extrajudicial confession to these extraneous offenses could be admitted during the punishment phase
of the trial. No error has been shown.

II. Probative Value Versus Prejudicial Impact

 In his second point of error, McClure contends the probative value of the extrinsic offense
was substantially outweighed by its potential for prejudice. The record shows McClure preserved
this issue by first raising this objection during trial. 

 Trial courts are afforded a wide range of discretion within which to admit or exclude
evidence. Wilder v. State, 111 S.W.3d 249, 255 (Tex. App.--Texarkana 2003, pet. ref'd). As a
reviewing court, we will not reverse a trial court's decision to admit or exclude evidence absent a
showing that the lower court abused that discretion. If the trial court's decision falls within the zone
of reasonable disagreement, that decision will not be disturbed. Green v. State, 934 S.W.2d 92, 102
(Tex. Crim. App. 1996); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op.
on reh'g). 

 The Texas Rules of Evidence favor the admission of all relevant evidence at trial. Tex. R.
Evid. 402. "Relevant evidence" is "evidence having any tendency to make the existence of any fact
that is of consequence to the determination of the action more or less probable than it would be
without the evidence." Tex. R. Evid. 401. However, even relevant evidence may be excluded if the
probative value of that otherwise relevant evidence is "substantially outweighed by the danger of
unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay,
or needless presentation of cumulative evidence." Tex. R. Evid. 403. "'[U]nfair prejudice' refers
to 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily,
an emotional one." Erazo v. State, 144 S.W.3d 487, 501-02 (Tex. Crim. App. 2004) (quoting
Rogers v. State, 991 S.W.2d 263, 266 (Tex. Crim. App. 1999)); accord Cohn v. State, 849 S.W.2d
817, 820 (Tex. Crim. App. 1993).

 The Texas Court of Criminal Appeals has offered the following explanation of the meaning
of Article 37.07 of the Texas Code of Criminal Procedure and its relevancy parameters with respect
to evidence admitted during a punishment trial:

 Article 37.07, § 3(a)(1) allows for admission of any evidence the trial court "deems
relevant to sentencing." The Legislature has expressly provided that "relevant"
punishment evidence includes, but is not limited to, both character evidence in the
form of opinion testimony as well as extraneous-offense evidence. Because there are
no discrete fact issues at the punishment phase of a non-capital trial, we have ruled
that the definition of "relevant," as stated in Rule 401 of the Texas Rules of
Evidence, does not readily apply to Article 37.07. What is "relevant" to the
punishment determination is simply that which will assist the fact finder in deciding
the appropriate sentence in a particular case. When the jury assesses punishment, it
must be able to tailor the sentence to the particular defendant, and relevance is simply
"a question of what is helpful to the jury in determining the appropriate sentence for
a particular defendant in a particular case." Importantly, we have held that when a
defendant applies for community supervision (as the appellant did), the trial court
may reasonably deem any character trait that pertains to the defendant's suitability for
community supervision to be a relevant matter for the sentencer to consider.


Sims v. State, No. PD-1575-07, 2008 Tex. Crim. App. LEXIS 820, at *8-9 (Tex. Crim. App. JulyÂ 2,
2008) (footnotes omitted). (4)

 A person's history of violating the law is undoubtedly a relevant factor for a jury to consider
when assessing a sentence because it relates to the defendant's character. Fowler v. State, 126
S.W.3d 307, 310 (Tex. App.--Beaumont 2004, no pet.). Juries should also be able to consider a
person's criminal history. Lujan v. State, 626 S.W.2d 854, 864 (Tex. App.--San Antonio 1981, pet.
ref'd). When, as was the case here, the accused has filed an application for community supervision
in which he or she claims never to have been previously convicted of a felony offense, the issue of
whether or not that person has ever previously engaged in felony-level conduct is certainly relevant. 
Does such evidence serve to prejudice the accused? Certainly. Anything that paints the defendant
in a bad light is hurtful and prejudicial to his or her case. But is that prejudice "unfair" or does that
prejudice substantially outweigh the evidence's probative value? Under our law, the answer to that
question is clearly "No," with respect to extraneous offense evidence that the jury believes to have
been proven beyond a reasonable doubt, because such evidence has such an empirically high
probative value with regard to a jury's ability to assess a sentence appropriate for both the facts of
that particular case and for that particular defendant.

Conclusion

 The trial court did not err by admitting testimony during McClure's punishment trial that
McClure had confessed to committing extraneous offenses, even though such testimony was not
accompanied by corroborating evidence. Article 37.07 of the Texas Code of Criminal Procedure
requires no such corroboration. Additionally, the probative value of this extraneous offense evidence
was not substantially outweighed by any unfair prejudice resulting from admission of this evidence. 
The trial court did not abuse its discretion by admitting this disputed evidence.

 We overrule McClure's points of error and affirm the trial court's judgment.





 Jack Carter

 Justice


Date Submitted: September 12, 2008

Date Decided: October 3, 2008


Publish
1. Foreman later stated he believed McClure had lied about only being a drug dealer for nine
months. 
2. McClure reportedly admitted he had saved about $7,000.00 from these drug sales to buy a
house.
3. The trial court in McClure's case instructed the jury that it was not to consider evidence of
"any crime or other bad act" that had been admitted at trial "unless [the jury] believe[d] beyond a
reasonable doubt that the Defendant in this case committed said offense or bad act." 
4. McClure had filed an application for community supervision in this case.