In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00107-CR

NO. 01-08-00108-CR

____________


ERIC STEVEN SPILLER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 177th District Court 

Harris County, Texas

Trial Court Cause Nos. 1038726 and 1038727




 

MEMORANDUM OPINION


 

 A jury convicted appellant, Eric Steven Spiller, of two charges of sexual
assault of a child, and the trial court assessed punishment at seven years'
confinement for each offense. See Tex. Penal Code Ann. § 22.011(a)(2) (Vernon
2004). In two issues relating to the punishment phase of the trial, appellant
contends that (1) his trial counsel rendered ineffective assistance, when, during the
punishment phase, his trial counsel failed to object to numerous extraneous
offenses, and (2) the trial court erred in cumulating his sentences. We affirm.

FACTUAL BACKGROUND

 On January 31, 2005, appellant, a deputy with the Harris County Constable's
Office, responded to a call from the Roberts' residence. Ms. Roberts called the
police after her 15-year-old daughter Jane (1) denied breaking her bedroom window. 
When appellant arrived at the Roberts' residence, he spoke with Jane who was
crying and upset. Before leaving, Ms. Roberts testified that appellant told her the
Constable's Office had a juvenile mentor program to help children who were
having problems and that he would be happy to begin mentoring Jane immediately. 
However, a sergeant at the Harris County Constable's Office testified that there
was, in fact, no such mentor program. The next day, appellant went to the Roberts'
residence when Jane was home alone. Jane testified that appellant eventually made
it clear that he wanted a sexual relationship with her. Jane testified that she began
routinely having sexual intercourse with appellant at the Roberts' home when her
mother was not there. 

 Ms. Roberts became concerned when she realized appellant was coming
over to her house when she was not there. After talking to neighbors and friends,
Ms. Roberts discovered the amount of time appellant was spending with her
daughter. On February 25, 2005, Ms. Roberts called the Constable's Office in an
attempt to stop appellant from seeing her daughter. Sergeant Moore testified about
his investigation of Ms. Roberts' complaint against appellant. He examined the
appellant's work records and questioned him about his visits to the Roberts'
residence. Appellant's daily activity reports, which had been examined by
Sergeant Moore, were entered into evidence. Moore told appellant that
conversations with a juvenile were supposed to be recorded and that he was to stop
visiting the Roberts' residence. At this time, Deputy Smith with the Constable's
Office took a statement from Ms. Roberts and also told appellant to stay away from
Jane. Jane and one of her high school friends, Karla, testified that, despite being
told to stop, appellant and Jane continued to see each other and to talk on the
telephone.

 Ms. Roberts testified that after spotting Jane with appellant in his patrol car,
she called the Constable's Office again to report appellant. Several officers went
to the Roberts' residence and questioned Jane about where she had been, but Jane
would not tell them. Sergeant Moore received a statement from Jane's friend,
Karla, that led him to believe that appellant and Jane were involved in a
relationship. Because appellant had disobeyed orders and lied about it, appellant
was forced to resign from the Constable's Office on March 10, 2005.

 Ms. Roberts testified that in August of 2005, she met with appellant's wife
to discuss Jane's and appellant's relationship. At this time, Jane finally admitted to
her mother and appellant's wife that she had been having sex with appellant. Ms.
Roberts and Jane then went to the Constable's Office and told the officers about
Jane's sexual relationship with appellant. Moore testified that, as a result of his
meeting with Jane, he reported appellant to the Juvenile Sex Crimes Division of the
Harris County Sheriff's Department. Jane gave a statement to Sex Crimes
Detective P. Klim. Klim testified that during her investigation she recovered a
receipt in appellant's name from a particular hotel that corroborated what Jane had
told her. 

INEFFECTIVE ASSISTANCE OF COUNSEL

 In his first point of error, appellant contends that his trial counsel rendered
ineffective assistance when, during the punishment phase, his trial counsel failed to
object to evidence that appellant (1) sexually harassed co-worker Deputy Panell,
(2) began a sexual relationship with his future wife when she was 15 years old, (3)
developed sexual relationships with several other minor girls, and (4) assaulted a
former girlfriend, Jennifer Carroll. Specifically, appellant argues that due to his
trial counsel's failure to request a hearing outside the presence of the jury to
determine if the extraneous offenses were proven beyond a reasonable doubt, the
State was "allowed to create an inaccurate picture of appellant by hearsay,
innuendo and suggestion, without proof beyond a reasonable doubt." Because
appellant's counsel did not request a hearing, appellant argues that counsel was
ineffective.

 A. The Law

 To prevail on a claim of ineffective assistance of counsel, an appellant must
satisfy the standard set forth in Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984). First, an appellant must prove by a preponderance of the
evidence that counsel's performance fell below an objective standard of
reasonableness. See id. at 687-88, 104 S. Ct. at 2064; Ex parte Ellis, 233 S.W.3d
324, 330 (Tex. Crim. App. 2007). Second, an appellant must show that counsel's
deficient performance prejudiced or harmed his defense. Strickland, 466 U.S. at
687, 104 S. Ct. at 2064. This requires a showing that counsel's errors undermined 
the confidence in the result from trial. Ex parte Ellis, 233 S.W.3d at 330; Jaenicke
v. State, 109 S.W.3d 793, 797 (Tex. App.--Houston [1st Dist.] 2003, pet. ref'd). 
An appellant bears the burden of overcoming the "strong presumption that
counsel's conduct fell within the wide range of reasonable professional assistance." 
Ex parte Ellis, 233 S.W.3d at 330 (quoting Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999)). 



 B. Deficient Performance

 The Court of Criminal Appeals has stated that appellate courts should not
find counsel ineffective unless the counsel's performance was "so outrageous that
no competent attorney would have engaged in it." Garcia v. State, 57 S.W.3d 436,
440 (Tex. Crim. App. 2001). Thus, any alleged ineffectiveness must be founded
and demonstrated in the record. Thompson, 9 S.W.3d at 813-14. As a result, "the
record on direct appeal is in almost all cases inadequate to show that counsel's
conduct fell below an objectively reasonable standard of performance." Andrews
v. State, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005); see also Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002) ("rarely will the trial record contain
sufficient information to permit a reviewing court to fairly evaluate the merits of
such a serious allegation").

 In this case, there was no motion for a new trial and there is nothing in the
record that explains why counsel failed to object or request a preliminary hearing
regarding the admissibility of the evidence of extraneous offenses during the
punishment phase. This Court has held that when the record is silent, the court will
not speculate about trial counsel's strategy or reasoning to find counsel ineffective. 
Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no
pet.).

 Appellant argues that no motion for a new trial was necessary in this case as
counsel's ineffective assistance can be discerned on direct appeal. He contends
that the record affirmatively demonstrates that counsel was ineffective because no
reasonable attorney would have decided against requesting a hearing to determine
whether the evidence established beyond a reasonable doubt that appellant
committed the extraneous offenses. Appellant specifically asserts that his counsel
was ineffective for failing to object or request a hearing to determine whether
appellant committed or was involved in the following three bad acts. (2)

 1. Sexual Harassment of Deputy Panell

 Appellant was Deputy A. Panell's supervisor at the Constable's Office
during the summer of 2002. Deputy Panell testified for the State during the
punishment hearing about her dealings with appellant. She testified that appellant
continuously pursued a romantic relationship with her despite the fact that she
made had it clear that she was not interested. As appellant got increasingly
aggressive, Deputy Panell became very uncomfortable, so much so that she
avoided any situation in which she would be alone with appellant. Deputy P.
Geraci also worked with appellant and Deputy Panell at the Constable's Office. 
He testified about one instance that made him uncomfortable, in which he
overheard appellant make comments of a sexual nature to Deputy Panell. 
Eventually, another co-worker reported the harassment to the Constable's Office. 
Assistant Chief L. Shiflet testified about his investigation of the sexual harassment
complaint against appellant. As a result of his investigation, Shiftlet recommended
several options to the chief deputy, including written reprimand, transfer,
suspension, sexual harassment training, a reduction in rank, or all of the above. 
Appellant was ultimately suspended for 3 days, required to attend sexual
harassment training, transferred to the other end of the district, and demoted. 

 2. Sexual Relationship with Denise Spiller when she was 15 years old

 During Deputy Panell's testimony, she stated that appellant told her that he
began having sex with his future wife, Denise Spiller, when she was 15 years old. 
Deputy Geraci corroborated her testimony, stating that he heard appellant
specifically state, "I've been screwing that bitch [his wife] since she's 15 years
old." Denise Spiller's mother, a defense witness, admitted on the stand that her
daughter developed a crush on the appellant when she was about 15 or 16 years
old, but she denied having any knowledge of a sexual relationship between her
daughter and appellant before her daughter was 17 years old.


 3. Sexual Relationships with several other minors

 Appellant's ex-wife, Gina Patino, testified that during their one year of
marriage they first began having marital problems because of appellant's
involvement with a young woman named Jennifer Carroll. Ms. Patino believed
that Jennifer was in high school at this time. Ms. Patino also heard appellant
mention a high school student named Faron. When appellant was questioned about
how he came to befriend the high school girl, he told Ms. Patino that he met Faron
on a police call and was "trying to mentor her." After Faron died in a car accident,
Ms. Patino testified that appellant's reaction was very odd, in that he was
extremely upset and continued to visit her parents. Ms. Patino found his actions to
be inconsistent with what appellant had told her about the nature of their
relationship. During their subsequent separation, Ms. Patino found letters at the
appellant's apartment from a young woman named Denise. These letters included
the young woman's age and the date. Ms. Patino then turned the letters over to the
Constable's Office where appellant worked because she was afraid that he was
"being with minors sexually." 

 This extraneous offense evidence was offered by the State pursuant to article
37.07, section 3(a) of the Texas Code of Criminal Procedure. (3) Pursuant to section
3(g) of Article 37.07, the State filed a notice of intent to offer evidence of
extraneous offenses or bad acts in response to appellant's request for notice of
intent to introduce such evidence. The State notified appellant that it intended to
introduce evidence that appellant sexually harassed Deputy Panell, that this 
resulted in discipline by the Constable's Office, and that appellant had committed
the offense of sexual assault of a child, Denise Spillers. 

 Appellant claims that his "trial counsel appeared to take no notice of this
information." However, counsel called several live witnesses to testify during the
punishment phase of the trial. During the punishment hearing, the jury heard live
testimony from appellant's mother-in-law, older brother, pastor, co-worker, and a
probation officer, as well as a number of friends. All these witnesses testified to
appellant's good character and his eligibility for probation, and gave their opinion
that appellant was a good candidate for probation. Counsel presented the trial
court with favorable character evidence of appellant to cast doubt on the
extraneous offense testimony produced by the State. In fact, Denise Spiller's
mother refuted the allegation that appellant and her daughter began having a sexual
relationship before her daughter was 17 years old.

 Appellant further contends that trial counsel should have "raised an
objection and sought a hearing outside the jury's presence" regarding the
admissibility of the extraneous offense testimony. It is true that the trial court must
make a threshold determination whether there is sufficient evidence from which
the jury could find beyond a reasonable doubt that an extraneous offense was
committed. Mitchell v. State, 931 S.W.2d 950, 953-54 (Tex. Crim. App. 1996). 
However, the jury actually decides whether the State met its burden of proof. Id. 
Moreover, the trial court's threshold determination need not be made during the
course of a hearing. Id. at 954; Welch v. State, 993 S.W.2d 690, 697 (Tex.
Ap.--San Antonio 1999, no pet.). The State's written notice of what it intends to
prove has been held to provide sufficient information to the trial court from which
to make this preliminary determination. Welch, 993 S.W.2d at 697. See also
Arzaga v. State, 86 S.W.3d 767, 781-82 (Tex. App.--El Paso 2002, no pet.)
(finding prosecutor's statement as to how she intended to prove extraneous
offenses through witness testimony sufficient for trial court to make initial
determination).

 Here, the trial court was familiar with the case, having presided over the
preliminary matters, and the State's written notice of intent to offer the extraneous
offense evidence provided a detailed description of the offenses. Even if counsel
had requested a hearing, the court was not obligated to grant the request because it
is not required to hold a hearing before making its initial decision. See id.

 Furthermore, the jury was correctly charged that it could only consider the
extraneous offenses if the State proved them beyond a reasonable doubt. There
was sufficient evidence of the extraneous offenses for the jury to find that appellant
committed the bad acts beyond a reasonable doubt. The failure of trial counsel to
object to admissible evidence does not constitute ineffective assistance. 
McFarland v. State, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992). Appellant's
trial counsel objected numerous times during the testimony regarding the
extraneous offenses on the basis of hearsay, relevance, and other proper legal
bases. Yet, appellant argues that an objection based on insufficient proof was
necessary because "the [State's] witnesses simply made assertions about things of
which they had no personal knowledge." The State provided testimony from
Jennifer Carroll, Deputy Panell, Deputy Geraci, and Chief Shiflet of events that
they themselves witnessed or of which they had first hand knowledge. 

 Appellant also complains about the testimony of Deputy Panell and Deputy
Geraci regarding the appellant's alleged statement that he began having sex with
his wife, Denise Spillers, when she was 15 years old. In Padron v. State, this
Court held that corroboration of a defendant's extrajudicial admission is not
required. 988 S.W.2d 344, 346 (Tex. App.--Houston [1st Dist.] 1999, no pet.). 
The appellant in Padron argued that his extrajudicial admission alone was
insufficient to prove that he committed the extraneous offense because the State
offered no corroborating evidence, thereby failing to prove the offense beyond a
reasonable doubt. Id. During the punishment hearing, a witness testified to
hearing the appellant state that he had stolen marihuana; the witness also testified
that she later saw the appellant with a large quantity of marihuana in his
possession. Id. The court found that based on the witness' testimony, the jury
could have reasonably concluded that appellant in fact stole the marijuana. Id. 
Similarly, the jury in this case could reasonably have concluded that appellant
began having sex with Denise Spillers when she was only 15 years old based on
his own statements, to which deputies Garaci and Pannel both testified.

 As a result, we conclude that appellant has failed to meet the first prong of
the Strickland test.

 We thus overrule point of error one.

CUMULATION OF SENTENCES

 In his second point of error, appellant argues that the trial court's cumulation
of his sentences violated his rights to have a jury assess his punishment and to due
process. The State filed a motion to cumulate appellant's two seven-year
sentences. The trial court granted this motion and ordered appellant to begin
serving one sentence after the other sentence had been served. Appellant
acknowledges that "current law is contrary to [his] position." However, appellant
argues that case law to the contrary should be overruled because the "force of logic
and reason are with him."

 This Court has held that in order to preserve a complaint as to the
cumulation of sentences on appeal, the appellant must "either object at the time of
sentencing or complain in a motion for new trial." Deal v. State, 2007 WL
2874796 at *3 (Tex. App.--Houston [1st Dist.] 2007, no pet.) (memo op., not
designated for publication) (citing Mendenhall v. State, 15 S.W.3d 560, 567 (Tex.
App.--Waco 2000) aff'd, 77 S.W.3d 815 (Tex. Crim. App. 2002)). Similar to the
appellant in Deal, appellant in this case neither objected at the time of sentencing,
nor complained in a motion for a new trial. Thus, appellant's point of error
regarding the cumulation of sentences is not preserved for appellate review.

 





CONCLUSION


 We affirm the judgments of the trial court.





 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Hanks.


Do not publish. Tex. R. App. P. 47.2(b).


1. A pseudonym has been used to protect the identity of the child victim.
2. Appellant also complains that counsel failed to request a hearing or to object to
evidence of his alleged sexual relationship with and assault of Jennifer Carroll on the
basis that the offenses were not proven beyond a reasonable doubt. However,
appellant then concedes that these offenses were proven by Jennifer Carroll's
testimony beyond a reasonable doubt. Because appellant agrees that there was ample
evidence to find these two offenses involving Jennifer Carroll beyond a reasonable
doubt, we do not address this complaint
3. Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a) (Vernon Supp. 2008) provides that:


 "Evidence may be offered . . . as to any matter the court deems relevant to sentencing,
including . . . [defendant's] general reputation, his character, an opinion regarding his
character . . . [and] evidence of an extraneous crime or bad act that is shown beyond a
reasonable doubt by evidence to have been committed by the defendant or for which he
could be held criminally responsible."