Kenneth Wayne FORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–02–00026–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Dec. 9, 2002.

Decided April 25, 2003.

John D. Nation, Dallas, for appellant.

Kate Calvert, Asst. Dist. Atty., William (Bill) Hill Jr., Dallas County Dist. Atty., Dallas, for appellee.

Before MORRISS, C.J., ROSS and CORNELIUS,* JJ.

## OPINION

Opinion by Justice WILLIAM J. CORNELIUS (Retired).

Kenneth Wayne Ford was convicted of possession of cocaine and sentenced to two years and six months' confinement and a $1,000.00 fine. In his sole point on appeal, Ford contends the trial court erred in admitting evidence of extraneous offenses at the punishment phase of the trial, because the State failed to give him timely and reasonable notice that it intended to introduce such evidence. We overrule this contention and affirm the judgment.

At the beginning of the punishment phase of the trial, Ford's counsel objected to the State's proffer of evidence of extraneous offenses, stating to the trial court that the State had only given notice one day before trial of its intent to use such evidence. The record does not show what form the State used to give the notice, but Ford's counsel contended that the notice was inadequate because it was untimely and therefore unreasonable. The trial court overruled the objection.

At the punishment phase of the trial, the State may put in evidence the prior criminal record of the defendant, including unadjudicated offenses or bad acts, if it is shown beyond a reasonable doubt that the defendant committed them. Tex.Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp.2003). However, Section 3(g) of Article 37.07 provides: "On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence." Tex.Code Crim. Proc. Ann. art. 37.07, § 3(g) (Vernon Supp.2003).

The obligation of the State to give the notice required by Section 3(g) is not triggered unless and until the defense requests such notice. *Henderson v. State*, 29 S.W.3d 616 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd); *Webber v. State*, 21 S.W.3d 726, 728 n. 1 (Tex.App.-Austin 2000, pet. ref'd); *President v. State*, 926 S.W.2d 805 (Tex.App.-Austin 1996, pet. ref'd). Ford did not make such a request in this case.

Ford contends, however, that he filed a pretrial motion to produce and suppress, and in that motion, he requested such notice. He contends his request for such notice was embodied in items 11 and 18 of his motion. Those items are:

11. List of Witnesses. Defendant moves for the Court to instruct the State to disclose to the defense a list of all witnesses who are expected to be called at the trial of the State's case in chief, both during the guilt or innocence stage and the punishment stage. Such information is necessary for the defense to determine relationships between jurors and witnesses and exercise peremptory challenges intelligently.

. . . .

18. Extraneous offenses. Defendant moves to suppress all evidence of extraneous offenses. In order to avoid the prejudicial effect of having to object to such evidence in the presence of the jury, Defendant moves for the Court to conduct a hearing outside the presence of the jury to determine the admissibility of all such evidence.

The trial court granted both of these requests. We find, however, that this motion does not constitute a "request" within the contemplation of Section 3(g). When a motion requests trial court action, even if it also asks the State to provide notice, it is insufficient to trigger the duty

---

* William J. Cornelius, Chief Justice, Retired,    Sitting by Assignment

to provide notice under Article 37.07, Section 3(g). *Mitchell v. State,* 982 S.W.2d 425, 427 (Tex.Crim.App.1998). Moreover, if the defendant files a motion for the trial court to order the State to give such notice, the motion does not trigger the duty unless the trial court orders the State to give such notice. *Henderson v. State,* 29 S.W.3d at 625.

The motion here was a general motion for discovery, and it did not ask either the State to give notice of intent to introduce extraneous offense evidence, or ask the trial court to order the State to do so. *See id.* at 616; *Webber v. State,* 21 S.W.3d at 730–31; *President v. State,* 926 S.W.2d at 808.

Because Ford did not make a proper request for notice as required by Texas Code of Criminal Procedure Article 37.07, Section 3(g), the State was not obligated to give notice, and the trial court did not abuse its discretion in allowing evidence of the extraneous acts and offenses.

We affirm the judgment of the trial court.