Opinion issued March 10, 2005








     






In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00461-CR




CALIN MUGUR OPREAN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court 
Harris County, Texas
Trial Court Cause No. 965394




MEMORANDUM OPINION

          A jury found appellant, Calvin Mugur Oprean, guilty of the third-degree felony
offense of driving while intoxicated (“DWI”) and assessed punishment at five years’
confinement and a $5,000 fine. In one issue, appellant contends the trial court abused
its discretion in the punishment phase of trial by admitting evidence that violated a
discovery order.
          We affirm.
Factual and Procedural Background
          On October 19, 2003, appellant crashed his car into a cement construction
barricade. Officer M. R. Leatherwood was the first to arrive on the scene. He
testified that appellant smelled of alcohol and had slurred speech and red glassy eyes. 
Based on appellant’s performance of field sobriety tests, Officer Leatherwood
believed that appellant was intoxicated and transported him to a police station. At the
station, appellant was videotaped speaking to another officer but refused to be
videotaped performing the field sobriety tests. Despite being warned that he would
lose his driver’s license, appellant refused to take a breath test. 
          Appellant was charged with DWI. The indictment listed two prior DWI
convictions: one in 2002 and one in 1999. 
          The trial court signed a pretrial order, providing, in relevant part, as follows: 
The Court Orders the State:
1.At least ten (10) days prior to trial, to file with Clerk of the Court
a subpoena list of all witnesses the State may call in its case in chief.
 
2.To furnish defense Counsel:
 
. . . . 
 
b.All videos and tape recordings that contain the
defendant’s voice. 

The order further provides that the State furnish “the items ordered for inspection and
copying on or before ten (10) days prior to trial.” 
          Following the guilt-innocence phase and immediately before the punishment
phase began, appellant learned that the State planned to offer the “scene video”


 from
appellant’s 2002 DWI conviction and the accompanying testimony of C. Delk, the
arresting officer for that offense. Appellant objected that the videotape was not
relevant to the present case. Appellant further objected that he had not received
notice of the videotape or the officer’s testimony as required by the discovery order
or “pursuant to 404(b).”


 Appellant contended that introduction of the videotape and
the testimony was a “complete surprise.” 
          The State acknowledged that it intended to introduce the videotape and the
testimony of Officer Delk. The State told the trial court that Officer Delk would
testify that the videotape was “a fair and accurate depiction.” Regarding its non-compliance with the discovery order, the State explained that the order required the
State to file a subpoena list of the witnesses that it planned to call only in its case in
chief and not in the punishment phase. In other words, the State read “case in chief”
to be limited to the guilt-innocence phase of trial. The State also informed the trial
court that appellant had no “37[.]07 request” for disclosure and that there was no
37.07 provision in the discovery order.


 
          The court overruled appellant’s objections. Appellant then requested the trial
court to view the videotape in camera and make findings of fact regarding its
relevancy. The court also overruled this request.
          Finally, appellant requested a one-day “recess” to “prepare for the evidence.” 
Appellant contended that if he were not allowed to prepare he would be injured by
the “surprise.” The trial court overruled appellant’s oral request for a continuance. 
Appellant did not request the trial court to make findings of fact and conclusions of
law in support of its ruling as it relates to the discovery order. 
          Over appellant’s renewed objections, the videotape was admitted into evidence
and published to the jury accompanied by Officer Delk’s testimony. 
 
Violation of the Discovery Order
          In one issue, appellant contends that the trial court erred in admitting the
videotape and Officer Delk’s testimony in violation of the discovery order. 
          Standard of Review 
          Violation of a discovery order does not automatically require reversal. See
Grimes v. State, 135 S.W.3d 803, 817 (Tex. App.—Houston [1st Dist.] 2004, no pet.);
King v. State, 746 S.W.2d 515, 517 (Tex. App.—Dallas 1988, pet. ref’d). If the trial
court admits the disputed evidence, we review its ruling for abuse of discretion. See
Martinez v. State, 867 S.W.2d 30, 39 (Tex. Crim. App. 1993) (involving undisclosed
witness testimony); Grimes, 135 S.W.3d at 817 (involving undisclosed tangible
evidence). In so doing, we determine whether the court acted without reference to
any guiding rules or principles. See Lyles v. State, 850 S.W.2d 497, 502 (Tex. Crim.
App. 1993). The fact that a trial court may decide a matter within its discretionary
authority differently than a reviewing court does not demonstrate such an abuse. See
Montgomery v. State, 810 S.W.2d 372, 391–92 (Tex. Crim. App. 1990). Therefore,
we will not reverse a ruling that lies within the “zone of reasonable disagreement.” 
Id. at 391. 
          Officer Delk’s Testimony
          The discovery order required the State to “file with Clerk of the Court a
subpoena list of all witnesses the State may call in its case in chief” at least 10 days
before trial. The State contends on appeal, as it did in the trial court, that the phrase
“case in chief” limited the State’s disclosure of witnesses to those offered by the State
during the guilt-innocence phase of trial and did not apply to any witnesses called by
the State during the punishment phase. Appellant counters that “case in chief” has
been recently used by courts to reference that portion of the punishment phase when
the State presents evidence. In admitting Officer’s Delk’s testimony, the trial court
impliedly found that such testimony was not covered by the discovery order. See
Rodriguez v. State, 90 S.W.3d 340, 375 (Tex. App.—El Paso 2001, pet. ref’d)
(recognizing that in admitting the summaries provided by witness, the trial court
impliedly found that summaries were not expert reports subject to pretrial discovery
order). 
          A survey of the case law reveals that, when referring to the State’s case in
chief, some courts utilize the phrase to denote the portion of the guilt-innocence
phase when the State presents its prima facia case, while others expressly utilize the
phrase to reference that portion of the punishment phase in which a party presents its
primary, non-rebuttal evidence. Compare Bower v. State, 77 S.W.3d 514, 519 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d) (“As part of its case-in-chief, the State
had the burden of showing two prior DWI convictions.”), with Rayford v. State, 125
S.W.3d 521, 530 (Tex. Crim. App. 2003) (“The State presented evidence in its
case-in-chief at punishment that appellant was convicted for the 1986 murder of his
previous wife.”) Indeed, the Court of Criminal Appeals has referred to that portion
of the punishment phase when the defense presents its evidence as the defense’s case
in chief. See Jaubert v. State, 74 S.W.3d 1, 6 (Tex. Crim. App. 2002) (“During its
punishment case-in-chief, the defense offered numerous witnesses to testify that the
defendant had found religion, changed his ways, and was, by the time of trial, a
wholly repentent [sic] and reformed young man.”). 
          Such usage, however, was not without criticism. In a dissent, Justice Meyers
disagreed with the majority’s usage of the phrase to reference non-rebuttal evidence
offered at the punishment phase by either the defense or the State. Id. at 12–13. 
Justice Meyers commented, “It is true that at a punishment hearing, both sides take
turns in their presentation of evidence, but whether the State has a ‘case in chief’ in
the strict legal sense is doubtful. The phraseology of ‘case in chief’ seems in large
part to be linked to the State’s burden of proof.” Id. at 12 (Meyers, J., dissenting). 
The uncertainty of the proper usage of the phrase continues. Since Jaubert, courts
have referenced that portion of trial in which the State has the burden to prove guilt
as the case in chief. See, e.g., Deleon v. State, 126 S.W.3d 210, 213 (Tex.
App.—Houston [1st Dist.] 2003, pet. dism’d, untimely filed) (“The record reflects
that the State provided notice to appellant that the State would offer evidence of
appellant’s prior convictions . . . in the State’s case-in-chief or at punishment.”). 
          The varied application of the phrase case in chief by Texas courts reflects that
reasonable minds may differ as to whether case in chief refers only to the portion of
the trial in which the State has the burden of proof, or whether it includes those parts
of the punishment phase in which each side offers non-rebuttal evidence. Thus, it is
not outside the “zone of reasonable disagreement” for the trial court to have found in
this case that, under the discovery order, the State was only required to give appellant
notice of those witnesses it intended to call during the guilt-innocence phase. We
hold that the trial court did not abuse its discretion in admitting Officer Delk’s
testimony.
          The Videotape
          In regard to the videotape, the primary dispute is whether the State willfully
withheld its disclosure from the defense in violation of the discovery order. Tangible
evidence willfully withheld from disclosure under a discovery order should be
excluded from evidence when the defendant timely objects, unless the requested
information was revealed in time for the defendant to use on cross-examination of the
State’s witness. See Jackson v. State, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000)
(citing Hollowell v. State, 571 S.W.2d 179, 180 (Tex. Crim. App. [Panel Op.] 1978)).
          It is undisputed that the State did not provide notice of its intent to use the
videotape until the morning of the punishment phase. Appellant contends that the
State acted in “bad faith” in not disclosing the videotape earlier. We construe this
contention as an assertion that the State “willfully” failed to disclose the videotape
to appellant as required in the discovery order. 
          The Court of Criminal Appeals recently examined what comprises a “willful”
violation of a discovery order in State v. LaRue, 152 S.W.3d 95 (Tex. Crim. App.
2004). In so doing, the court affirmed the decision of the Beaumont Court of
Appeals. See State v. LaRue, 108 S.W.3d 431 (Tex. App.—Beaumont 2003), aff’d,
152 S.W.3d 95. In LaRue, the trial court found that DNA evidence was willfully
withheld from the defense. Id. at 434. Reversing the trial court’s suppression ruling,
the court of appeals concluded that an act is willful if the act is done voluntarily and
intentionally with the specific intent to disobey the law. Id. Based on the facts
presented, the court of appeals concluded that the failure to disclose the DNA
evidence as ordered was not a willful violation of the discovery order, and a less
drastic remedy than excluding the evidence was the proper sanction. Id. at 437. In
affirming the appellate court, the Court of Criminal Appeals wrote, 
While it is obvious that the prosecutor consciously chose this course of
conduct, his actions were “willful” only with respect to the conduct
itself. In other words, his choice to engage in conduct that, in effect,
would violate the discovery order was voluntary. But we find no
evidence in the record that, by his choice, he intended to violate the
order or harm the defense.
LaRue, 152 S.W.3d at 97.
          At the hearing on the disputed evidence in this case, defense counsel informed
the trial court that he had asked the prosecutor, the night before, what evidence she
planned to introduce during the punishment phase. Defense counsel averred that the
prosecutor had replied that she intended to offer the judgments and sentences from
appellant’s earlier convictions. Defense counsel also told the trial court that the State
did not voluntarily disclose the disputed evidence; rather, it was only after defense
counsel noticed Officer Delk sitting in the courtroom that the prosecutor informed the
defense of its intent to proffer the evidence. 
          The State responded that it did not provide notice of the disputed evidence
because an article 37.07, section 3(g) request was neither made by appellant nor
ordered by the trial court in the discovery order. See Tex. Code Crim. Proc. Ann.
art. 37.07 § 3(g) (Vernon Supp. 2004-2005) (providing that State must provide
“reasonable notice . . . in advance of trial” of its intent to introduce extraneous
conduct evidence after timely request by defendant). On appeal, appellant contends
that the State’s explanation for non-disclosure is without merit. However, we cannot
conclude that the State’s article 37.07, section 3(g) explanation is meritless on its
face. Cf. Ford v. State, 106 S.W.3d 765, 766-67 (Tex. App.—Texarkana 2003, no
pet.) (holding that pretrial motion to produce and suppress does not serve as section
3(g) request, unless trial court orders State to give such notice). In light of the State’s
explanation, and regardless of an ultimate determination of its validity, the record
does not demonstrate that the State acted with specific intent to willfully disobey the
discovery order. See LaRue, 108 S.W.3d at 434.


 We hold that the trial court did not
abuse its discretion in admitting the videotape. 
          We overrule appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Laura Higley
                                                             Justice

Panel consists of Justices Alcala, Higley, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).